IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MICHAEL ROBERTS,

               Plaintiff,

v.                                        CIVIL ACTION NO.  2:23-cv-00040

CO VOID, et al.,

               Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defendant West Virginia Division of Corrections and Rehabilitation's Motion to Dismiss* (Document 5), *Defendant West Virginia Division of Corrections and Rehabilitation's Memorandum of Law in Support of Motion to Dismiss* (Document 6), and the *Complaint* (Document 1-1). The Plaintiff has not filed a response to the Defendant's motion. For the reasons stated herein, the Court finds the Defendant's motion should be granted in part and denied in part.

**RELEVANT BACKGROUND**

On September 23, 2022, the Plaintiff initiated this lawsuit with the filing of a Complaint in the Circuit Court of Kanawha County, West Virginia. In it, the Plaintiff names Correctional Officer (CO) Void, CO Tripp, the West Virginia Division of Corrections and Rehabilitation (WVDCR) and John/Jane Does as Defendants. On January 17, 2023, the Defendants removed

the action to this Court pursuant to 28 U.S.C. §§ 1331, 1367, and 1441. The Plaintiff alleges the following:[1]

At all relevant times, he was incarcerated at the Northern Regional Jail, which is operated under the authority of the WVDCR. During the Plaintiff's incarceration, Defendants CO Void, CO Tripp, and Jane/John Doe were all employees at the jail. On or about July 18, 2021, while incarcerated, and without cause, the Plaintiff was placed in a restraint chair by Defendants CO Void and John/Jane Does. After being placed in the chair, and without just provocation, Defendants Void and John/Jane Doe punched, kicked, and kneed the Plaintiff. The Plaintiff remained in the restraint chair for approximately seven hours. During that time, CO Tripp witnessed the Plaintiff's lengthy restraint, and although the Plaintiff repeatedly complained, CO Tripp did nothing to remove him from the chair or loosen the restraints. Due to the beating and the extended period of restraint, the Plaintiff suffered both physical and emotional damages.

The Complaint contains five counts: Counts I and II – Violation of the United States Constitution/Injunctive Relief, pursuant to 42 U.S.C. § 1983, as to all Defendants;[2] Count III – Violations of the United States Constitution Deliberate Indifference, pursuant to 42 U.S.C. § 1983, as to Defendants CO Void, CO Tripp, and John/Jane Does; Count IV – Conspiracy to Commit Fraud, as to all Defendants; and Count V – Vicarious Liability/Direct Liability for Violations of Legislative Rules as to Defendant WVDCR. The Plaintiff requests compensatory damages for

---

[1] For the purpose of this motion to dismiss, the Court accepts the factual allegations contained in the Complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

[2] The Plaintiff alleges that he is "only asserting claims against the WVDCR arising from Counts IV, V, VI and injunctive relief." (Compl. at ¶ 7.) Because the only counts in the Complaint seeking injunctive relief are "Counts I and II — Violations of the United States Constitution/Injunctive Relief," the Court assumes that the WVDCR is meant to be named in those Counts.

physical injury, emotional and mental distress, punitive damages, court costs, pre-judgment and post-judgment interest, attorney's fees and injunctive relief.

## LEGAL STANDARD

Defendant WVDCR argues that it should be dismissed as a party to this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231,

3

244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

Defendant WVDCR argues that the Plaintiff's claims against it, as stated in Counts IV and V, should be dismissed and that it should be dismissed as a party to this action.

In Count IV, the Plaintiff alleges that the Defendants "schemed and conspired to and did coordinate their incident reports in an effort to defeat [the P]laintiff's claims." (Compl. at ¶ 32.)

The alleged scheme was a "conspiracy of silence" about the unlawful restraint and subsequent beating. (Compl. at ¶ 34.)

"Civil conspiracy is not . . . a stand-alone cause of action," but rather is "a legal doctrine under which liability for a tort may be imposed on people who did not actually commit a tort themselves but who shared a common plan for its commission with the actual perpetrator(s)." *Dunn v. Rockwell*, 689 S.E.2d 255, 269 (W. Va. 2009). A civil conspiracy requires "a combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means." *Dunn*, 689 S.E.2d at 268 (quoting *Dixon v. American Indus. Leasing Co.*, 253 S.E.2d 150, 152 (W. Va. 1979)).

The Defendant cites the intracorporate immunity doctrine, which states that "a corporation cannot conspire with its employees." *Ridgeway Coal Co., Inc. v. FMC Corp.*, 616 F. Supp. 404, 408 (S.D.W. Va. 1985) (Haden, C.J.). The doctrine exists because a corporation "can only act through its employees . . . [t]o hold that a corporation can conspire with its employees would effectively hold that a corporation could conspire with itself." *Id.* Defendant WVDCR argues that a state agency is sufficiently similar to a corporation, and therefore Defendant WVDCR cannot be liable for civil conspiracy, under these facts, because it cannot conspire with its own employees.

True, the intracorporate immunity doctrine can apply to public entities. Like a corporation, a state agency acts through its employees. So, finding that an agency conspired with its employees would hold a state agency liable for conspiring with itself. For this reason, courts have extended the intracorporate immunity doctrine to public entities. *Dickerson v. Alachua County Commn.*, 200 F.3d 761, 767 (11th Cir. 2000); *Wright v. Illinois Dept. of Children & Family Servs.*, 40 F.3d 1492, 1508 (7th Cir.1994); *Wei-ping Zeng v. Marshall U.*, 370 F. Supp. 3d 682,

5

687 (S.D.W. Va. 2019) (Chambers, J.); *Chewning v. Does*, 2:16-CV-67, 2016 WL 7396040, at *2 (N.D.W. Va. Nov. 30, 2016), report and recommendation adopted, 2:16-CV-67, 2016 WL 7396704 (N.D.W. Va. Dec. 21, 2016) (Bailey, J.)

However, the doctrine is inapplicable when the plaintiff has alleged that (1) the agent's actions were dominated by personal motives or (2) the agent's actions exceeded the bounds of their authority. *Buschi v. Kirven*, 775 F.2d 1240, 1252 (4th Cir. 1985). Therefore, legally, a plaintiff may successfully bring a conspiracy claim against a corporation when the agent's acts were not authorized by the corporation. *Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 353 (4th Cir. 2013)) (internal citations and markings omitted). An agent's acts are "not authorized" when it can be inferred that the agent violated specific policies that the corporation follows. *Wei-ping Zeng*, 370 F. Supp. 3d at 687 (citing *Hodgin v. Jefferson*, 447 F.Supp. 804, 807 (D. Md. 1978)).

Here, although the intracorporate immunity doctrine applies to public entities such as Defendant WVDCR, the Plaintiff explicitly alleges that the Defendants' failure to report the restraint and beating was a violation of policy and procedure.[3] (Compl. at ¶¶ 32, 34.) With the allegation that Defendants CO Void, CO Tripp, and Jane/John Does' acts were in violation of agency policy and not authorized, it is reasonable to infer that these Defendants were not acting on behalf of the Defendant agency, WVDCR. As a result, the intracorporate immunity doctrine is inapplicable. Therefore, the conspiracy claim alleged in Count IV against Defendant WVDCR should not be dismissed at this stage of the litigation.

---

[3] The Plaintiff has not argued that this exception applies, as he has not responded to the Defendant's motion to dismiss. However, under Rule 12(b)(6), the Court does not analyze the sufficiency of a plaintiff's response, rather, it is the Court's responsibility to analyze the legal sufficiency of the complaint. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009).

In Count V, the Plaintiff alleges that Defendant WVDCR "is vicariously liable for the conduct of its employees set forth in paragraph 16. . . under the doctrine of respondeat superior." (Compl. at ¶ 36.) Paragraph 16 of the Complaint states that the Defendants engaged in the "excessive, wrongful, and prolonged use of restraints," in violation of WVDCR policies. The Defendant argues that the alleged conduct by the individual Defendants falls outside the scope of their employment, and therefore there is liability against their employer, WVDCR, under the doctrine of respondeat superior.

The West Virginia Supreme Court of Appeals has stated that when an "employee's conduct which properly gives rise to a cause of action is found to be within the scope of his authority or employment, neither the public official nor the State is entitled to immunity and the State may therefore be liable under the principles of respondeat superior." *W. Virginia Regl. Jail and Correctional Facility Auth. v. A.B.*, 766 S.E.2d 751, 765 (W. Va. 2014). Therefore, as a corollary, a state agency is not "vicariously liable for such acts which are found to be manifestly outside of the scope of [the employee's] authority or employment." *Id.*

In determining whether an act is within the scope of employment, the court should consider "if the [employee's] conduct is 1) of the kind he is employed to perform; 2) occurs within the authorized time and space limits; 3) it is actuated, at least in part, by a purpose to serve the master, and; 4) if force is used, the use of force is not unexpectable by the master." *Id.* at 769 (citing Rest. 2d of Agency § 228 (1958)). Of "critical importance" is the third factor—the purpose of the conduct. *Id.*

When applying the above test in *Sanders v. Jones*, this court held that correctional officers were acting outside the scope of their employment when they escorted the plaintiff from his pod

7

and began striking his body and slamming his head into the ground. 2016 WL 3512247, at *4 (S.D. W. Va. 2016) (Chambers, J.). Similarly, this court also held that correctional officers were acting outside the scope of their employment when they handcuffed the plaintiff and proceeded to hit and kick him in the face and back, despite the plaintiff posing no threat to the officers. *Kelly v. W. Virginia Regl. Jail and Correctional Facility Auth.*, 2:18-CV-01074, 2019 WL 1428694, at *3 (S.D.W. Va. Mar. 29, 2019) (Copenhaver, S.J.).

Here, it is alleged that the individual Defendants restrained the Plaintiff, and without cause, proceeded to beat and strike him, and left him in the same restraints for approximately seven hours. There is no allegation to reasonably suggest that these actions were done to further the purpose of Defendant WVDCR. The absence of similarity of purpose is bolstered by the allegations that the employees' conduct was in direct violation of Defendant WVDCR's policies. Lastly, as discussed above, courts have routinely held that intentional tortious conduct found in scenarios such as this one is outside a correctional officer's scope of employment. *Kelly*, 2:18-CV-01074, 2019 WL 1428694, at *3; *Sanders v. Jones*, 2016 WL 3512247, at *4; *see also Crabill v. W. Virginia Div. of Corrections and Rehab.*, 2:22-CV-00013, 2022 WL 1696640, at *3 (S.D.W. Va. May 26, 2022) (Goodwin, J.); *Holcomb v. W. Va. Div. of Corr. and Rehabilitation*, No. 2:20-cv-00767, 2021 WL 4429198, at *2 (S.D. W. Va. Sep. 27, 2021) (Copenhaver, S.J.).[4]

Thus, the vicarious liability claim against Defendant WVDCR stated in Count V should be dismissed.

---

[4] Counsel for the Plaintiff was counsel for the plaintiffs in three of the above cases. *Crabill*, 2:22-CV-00013, 2022 WL 1696640, at *3; *Holcomb*, No. 2:20-cv-00767, 2021 WL 4429198, at *2; *Kelly*, 2:18-CV-01074, 2019 WL 1428694, at *3.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Defendant West Virginia Division of Corrections and Rehabilitation's Motion to Dismiss* (Document 5) be **GRANTED** as to the vicarious liability claim brought against Defendant WVDCR in Count V, and otherwise **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: June 8, 2023

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA